## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RODRIQUEZ HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-02072-HEA |
| | ) | |
| BRETT HAYS, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT BRETT HAYS
## TO FIRST AMENDED AMENDED COMPLAINT

Defendant Brett Hays (Hays), by and through undersigned counsel, submits the following Answer to Plaintiff's First Amended Complaint (Amended Complaint):

## NATURE OF THE CASE

1.    The allegations in ¶1 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same.

## PARTIES, JURISDICTION AND VENUE

2.    Defendant Hays admits that, as of the date of his Answer to the First Amended Complaint, Plaintiff is currently confined at the Potosi Correctional Center (PCC) after Plaintiff was charged by the current prosecuting attorney for St. Francois County, Missouri, with committing

violence against an employee of the Missouri Department of Corrections (MDOC) in violation of RSMo. § 214.385, a class B felony, Case No. 19SF-CR00176 in St. Francois County Circuit Court..  Plaintiff pleaded guilty to the class A misdemeanor of "assault 4th degree" in violation of Res. Mo. 565.056 and in particular placing Matthew Downs, a corrections officer in the performance of his official duties, in apprehension of immediate physical injury by grabbing Downs. Defendant Hays denies all other allegations in ¶2 of the Amended Complaint.

3.  Defendant Hays admits only that at on February 7, 2018, he was employed as a corrections officer II at ERDCC; the remainder of the allegations in ¶3 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent that a response is required, Defendant Hays denies all other matters not admitted.

4.  Defendant Hays admits only that, to the best of his knowledge and belief, on February 7, 2018, Defendant Cody Bennett was employed as a corrections officer I at ERDCC; the remainder of the allegations in ¶4 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent that a response is required, Defendant Hays denies all other matters not admitted.

5.   Defendant Hays admits only that, to the best of his knowledge and belief, on February 7, 2018, Defendant Michele Mayes was employed as a corrections officer I at ERDCC; the remainder of the allegations in ¶5 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent that a response is required, Defendant Hays denies all other matters not admitted.

6.   The allegations in ¶6 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same.

7.   The allegations in ¶7 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same.

8.   The allegations in ¶8 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same. Answering further, Defendant Hays states that pursuant to 42 U.S.C. § 1997e, Plaintiff may not recover attorneys' fees except to the extent allowed and permitted under § 1997e.

9.   The allegations in ¶9 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same.

# FACTUAL BACKGROUND

## A.    Brett Hays's history while working for the MDOC

10.    Defendant Hays admits the allegations in ¶10 of the Amended Complaint.

11.    Defendant Hays denies the allegations in ¶11 of the Amended Complaint.

12.    Defendant Hays admits only that in 2010, in the State of New Mexico: (a) he was charged with battery against a household member; (b) that he pleaded not guilty to the charge; (c) the charge was dismissed (nolle prosequi) by the prosecuting attorney; (d) that he was charged with failure to appear in court; (e) to the best of his knowledge and belief, he pleaded guilty to failing to appear in court; and (f) that the case number for both charges is T-4 DV2010005320; Defendant Hays denies all other allegations in ¶12 of the Amended Complaint.

13.    Defendant Hays admits only that in October 2011, in Stoddard County Missouri, in Case No. 11SD-PN00264: (a) a judgment for an order of protection was entered against him; (b) that said judgment is the best evidence of its contents and Defendant Hays relies on it as such; (c) that in December 2011, two months after the judgment for an order of protection was issued, the petitioner who had requested the order of protection filed a motion

to terminate the judgment of protection; and (d) that said judgment was not renewed or extended; Defendant Hays denies all other allegations in ¶13 of the Amended Complaint.

14.    Defendant Hays admits only that in 2014, in Mississippi County, Missouri, in Case No. 14MI-CV00320: (a) he *consented* to the issuance of a judgment for an order of protection to be in effect for the time period June 11, 2014 through June 10, 2015; (b) that such consent judgment is the best evidence of its contents and Defendant Hays relies on it as such; (c) in said consent judgment the court did *not*  make a finding that petitioner had proven her allegations of domestic violence and/or stalking against Defendant Hays; (d) in said consent judgment the court did *not* make a finding that Defendant Hays represented a credible threat to safety of petitioner, Ann Marie Beck (the mother of his child); (d) in said consent judgment the court did *not* require Defendant Hays to participate in any court approved programs for batters; (e) in said consent judgment the court expressly stated that Defendant Hays' consent is not an admission that the allegations contained in Ms. Beck's petition are true; and (f) that such consent judgment was not renewed or extended beyond June 10, 2015; Defendant Hays denies all other allegations in ¶14 of the Amended Complaint.

5

15.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶15 of the Amended Complaint and, therefore, he denies the same.

16.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶16 of the Amended Complaint and, therefore, he denies the same.

17.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶17 of the Amended Complaint and, therefore, he denies the same.

18.  Defendant Hays' denies that, in 2014, any restraining order was granted against him and in favor of the mother of his son in at the Mississippi County Courthouse as alleged in ¶18; Defendant Hays lacks sufficient information concerning the other allegations in ¶18 and, therefore, denies the same.

19.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶19 of the Amended Complaint and, therefore, he denies the same.

20.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶20 of the Amended Complaint and, therefore, he denies the same.

21.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations of ¶21 of the Amended Complaint and, therefore, he denies the same.

22.  Defendant Hays admits only that he was promoted to corrections officer II and, to the best of his knowledge and belief, this promotion occurred in July 2015; Defendant Hays denies all other allegations contained in ¶22 of the Amended Complaint.

23.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶23 of the Amended Complaint and, therefore, he denies the same.

24.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶24 of the Amended Complaint and, therefore, he denies the same.

25.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶25 of the Amended Complaint and, therefore, he denies the same.

26.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶26 of the Amended Complaint and, therefore, he denies the same.

27. Defendant Hays admits only that he transferred to ERDCC and, to the best of his knowledge and belief, this transfer occurred in December 2016;

Defendant Hays denies all other allegations contained in ¶27 of the Amended Complaint.

28.   Defendant Hays denies the allegations in ¶ 28 of the Amended Complaint.

29.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶29 of the Amended Complaint and, therefore, he denies the same.

30.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶30 of the Amended Complaint and, therefore, he denies the same.

31.   Defendant Hays denies the allegations in ¶31 of the Amended Complaint.

32.   Defendant Hays denies the allegations in ¶32 of the Amended Complaint.

## Bennett's history at MDOC

33.  This allegation is not directed to or about Defendant Hays and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶33 of the Amended Complaint and, therefore, he denies the same.

34.   This allegation is not directed to or about Defendant Hays and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶34 of the Amended Complaint and, therefore, he denies the same.

35.   Defendant Hays admits the allegations ¶35 of the Amended Complaint.

36.   Defendant Hays admits only that during those times when both he and Defendant Bennett were both on duty and both were assigned to housing unit 2 at ERDCC he would act as Defendant Bennett's supervisor; Defendant Hays lacks sufficient knowledge or information to admit or deny the other allegations in ¶36 of the Amended Complaint and, therefore, denies the same.

37.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶37 of the Amended Complaint and, therefore, he denies the same.

38.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶38 of the Amended Complaint and, therefore, he denies the same.

## Mayes's history at MDOC

39.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶39 of the Amended Complaint and, therefore, he denies the same.

40.  Defendant Hays admits only that during those times when both he and Defendant Mayes were both on duty and both were assigned to housing unit 2 at ERDCC he would act as Defendant Mayes's supervisor; Defendant Hays denies all other allegations contained in ¶40 of the Amended Complaint.

41.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶41 of the Amended Complaint and, therefore, he denies the same.

42.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶42 of the Amended Complaint and, therefore, he denies the same.

43.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶43 of the Amended Complaint and, therefore, he denies the same.

### B.  Plaintiff's history at ERDCC and the events in question

44.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶44 of the Amended Complaint and, therefore, he denies the same.

45.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶45 of the Amended Complaint and, therefore, he denies the same.

46.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶46 of the Amended Complaint and, therefore, he denies the same.

47.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶47 of the Amended Complaint and, therefore, he denies the same.

48.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶48 of the Amended Complaint and, therefore, he denies the same.

49.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶49 of the Amended Complaint and, therefore, he denies the same.

50.   Defendant Hays denies acting alone or in combination with Defendant Bennett to harass or to threaten Plaintiff as alleged in ¶50 of the Amended Complaint; Defendant Hays is without sufficient knowledge or

information to admit or deny the other allegations contained in ¶50 of the Amended Complaint and, therefore, denies the same.

51. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶51 of the Amended Complaint and, therefore, he denies the same.

52. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶52 of the Amended Complaint and, therefore, he denies the same.

53. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶53 of the Amended Complaint and, therefore, he denies the same.

54. Defendant Hays denies harassing Plaintiff as alleged in ¶54 of the Amended Complaint; Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶54 of the Amended Complaint and, therefore, he denies the same.

55. Defendant Hays denies (a) calling Plaintiff "a n***r [sic]"; (b) telling Plaintiff that "his family did not care about him," (c) that "he should kill himself," and (d) that "they were going to kick his a**" as alleged in ¶55 of the Amended Complaint; Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶55 of the Amended Complaint and, therefore, denies the same.

56.  Defendant Hays denies making comments "like this" to Plaintiff as alleged in ¶56 of the Amended Complaint; Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶56 of the Amended Complaint and, therefore, he denies the same.

57.  Defendant Hay denies the allegations in ¶57 of the Amended Complaint.

58.  Defendant Hays denies telling Plaintiff that he and Defendant Bennett "ran together at Charleston [SECC] and how they got away with a lot of things they do" as alleged in ¶58 of the Amended Complaint; Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶58 of the Amended Complaint and, therefore, denies the same.

59.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶59 of the Amended Complaint and, therefore, he denies the same.

60.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶60 of the Amended Complaint and, therefore, he denies the same.

61.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶61 of the Amended Complaint and, therefore, he denies the same.

13

62. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶62 of the Amended Complaint and, therefore, he denies the same.

63. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶63 of the Amended Complaint and, therefore, he denies the same.

64. Defendant Hays denies he assaulted Plaintiff as alleged in ¶64 of the Amended Complaint; Defendant Hays is without sufficient knowledge or information to admit or deny all other allegations in ¶64 of the Amended Complaint and, therefore, he denies the same.

65. Defendant Hays admits only that on February 7, 2018: (a) Plaintiff was in a cell and placed on "close observation" or "suicide watch" status; (b) Plaintiff covered the window to his cell door, which was against prison rules and prevented prison staff from observing him to insure that Plaintiff was safe and secure; and (c) that Defendant Mayes was on duty during the morning; Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶65 of the Amended Complaint and, therefore, denies the same.

66. Defendant Hays admits only that on February 7, 2018: (a) Plaintiff was in a cell and placed on "close observation" or "suicide watch" status; (b) Plaintiff covered the window to his cell door, which was against prison rules

and prevented prison staff from observing him to insure that Plaintiff was safe and secure; (c) Plaintiff covered his cell camera, which was against prison rules and prevented prison staff from observing him to insure that Plaintiff was safe and secure; (d) Plaintiff refused several legitimate, lawful, and necessary directives from prison staff including, but not limited to (i) a directive to remove the obstructions from his cell window and (ii) a directive to cuff-up to allow prison staff to make a visual inspection of his cell; and (e) due to Plaintiff's refusal to comply with the legitimate, lawful, and necessary directives from prison staff, Defendant Hays' superiors authorized a planned use of force on Plaintiff;  Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶66 of the Amended Complaint and, therefore, denies the same.

67. Defendant Hays admits only that on February 7, 2018: (a) Plaintiff was in a cell and placed on "close observation" or "suicide watch" status; (b) Plaintiff covered the window to his cell door, which was against prison rules and prevented prison staff from observing him to insure that Plaintiff was safe and secure; (c) Plaintiff covered his cell camera, which was against prison rules and prevented prison staff from observing him to insure that Plaintiff was safe and secure; (d) Plaintiff refused several legitimate, lawful, and necessary directives from prison staff including, but not limited to (i) a directive to remove the obstructions from his cell window and (ii) a directive

15

to cuff-up to allow prison staff to make a visual inspection of his cell; Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶67 of the Amended Complaint and, therefore, denies the same.

68.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶68 of the Amended Complaint and, therefore, he denies the same.

69.  Defendant Hays admits only that after Plaintiff failed to comply with the legitimate, lawful, and necessary directives given to Plaintiff by prison staff and only after prison staff was unsuccessful in getting Plaintiff to comply with these legitimate, lawful, and necessary directives by employing other methods, such as talking with Plaintiff, Defendant Hays, acting pursuant to the planned use of force authorized by Defendant Hays' superiors, applied pepper spray to Plaintiff's cell; Defendant Hays denies all other allegations in ¶69 of the Amended Complaint not admitted.

70.  Defendant Hays admits only that while Defendant Michele Mayes was attempting to apply restraints to Plaintiff through the sally-port slot in the cell door, Defendant Mayes appeared to encounter difficulty applying the restraints - at one point directing Plaintiff to "stop grabbing her hands" - and, due to the location of the sally-port slot and the location of Defendant Mayes, Defendant Hays was unable to ascertain or verify whether Defendant Mayes

16

had been able to properly and securely apply the restraints to Plaintiff; Defendant Hays denies all other allegations in ¶70 of the Amended Complaint not admitted.

71. Defendant Hays admits only that being unable to ascertain or verify whether Defendant Mayes had been able to properly and securely apply the restraints to Plaintiff, Plaintiff's cell door was opened and Plaintiff turned forward and began exiting the cell, which was against prison rules and regulations, which act by Plaintiff further obstructed the restraints from Defendant Hays' view; Defendant Hays denies all other allegations in ¶71 of the Amended Complaint not admitted.

72. Defendant Hays admits only that as Plaintiff exited the cell, Defendant Hays gained control of Plaintiff's right arm to assist Defendant Cody Bennett in escorting Plaintiff, but Plaintiff resisted, became combative and while Defendant Hays gained control of Plaintiff's upper torso – pulling Plaintiff back from other staff – Plaintiff and Defendant Hays went to the ground; Defendant Hays denies all other allegations in ¶72 of the Amended Complaint not admitted.

73. Defendant Hays admits only that after he and Plaintiff went to the ground, Defendant Hays gave multiple legitimate, lawful, and necessary directives to Plaintiff to roll over on Plaintiff's stomach so that Defendant Hays could see Plaintiff's hands and so Defendant Hays could maintain

control over Plaintiff; Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶73 of the Amended Complaint and, therefore, denies the same.

74. Defendant Hays denies the allegations in ¶74 of the Amended Complaint.

75. Defendant Hays admits only that after he and Plaintiff went to the ground and Plaintiff refused multiple legitimate, lawful, and necessary directives to roll over on his stomach so that Defendant Hays could see Plaintiff's hands and so that Defendant Hays could maintain control over Plaintiff – and, additionally, hearing Plaintiff's feet landing blows on other prison staff – Defendant Hays lawfully applied "two distraction techniques" to Plaintiff's chin with a closed fist in a good faith effort to maintain or restore discipline and not maliciously or sadistically for causing harm to Plaintiff; Defendant Hays denies all other allegation in ¶75 of the Amended Complaint not admitted.

76. Defendant Hays admits only that the lawful "distraction techniques" he used on Plaintiff were only partially recorded from one angle by a security camera located in the ceiling of the housing unit, which security camera was located approximately 4 cell doors down from Plaintiff's cell door and which security camera had no audio recording

capability; Defendant Hays denies all other allegations in ¶76 of the Amended Complaint not admitted.

77.   Defendant Hays denies the allegations in ¶77 of the Amended Complaint.

78.   Defendant Hays denies the allegations in ¶78 of the Amended Complaint.

79.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶79 of the Amended Complaint and, therefore, he denies the same.

80.   Defendant Hays admits only that Phillip Anderson was employed at ERDCC on February 7, 2018; Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶80 of the Amended Complaint and, therefore, he denies the same.

81.   Defendant Hays denies the allegations in ¶81 of the Amended Complaint.

82.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶82 of the Amended Complaint and, therefore, he denies the same.

83.   Defendant Hays denies the allegations in ¶83 of the Amended Complaint.

84.  Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶84 of the Amended Complaint and, therefore, he denies the same.

85.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶85 of the Amended Complaint and, therefore, he denies the same.

86.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶86 of the Amended Complaint and, therefore, he denies the same.

87. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶87 of the Amended Complaint and, therefore, he denies the same.

88.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶88 of the Amended Complaint and, therefore, he denies the same.

89.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶89 of the Amended Complaint and, therefore, he denies the same.

90.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶90 of the Amended Complaint and, therefore, he denies the same.

91.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶91 of the Amended Complaint and, therefore, he denies the same.

92.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶92 of the Amended Complaint and, therefore, he denies the same.

93.  Defendant Hays denies the allegations in ¶93 of the Amended Complaint.

94.  Defendant Hays states that MDOC's policies and procedures, which have not been attached or incorporated into the Amended Complaint, are the best proof thereof and their contents; Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶94 of the Amended Complaint and, therefore, denies the same.

95.  Defendant Hays admits only that Melissa L. Gillam, the Prosecuting Attorney for St. Francois County, Missouri filed a Amended Information in Lieu of Indictment in a case having case number 18SF-CR00567 -01, and that said Amended Information alleges that Defendant struck Plaintiff in the face with a closed fist while Plaintiff was restrained; that Defendant has pleaded Not Guilty to the Amended Information; and that, as of the date of his Answer to the Amended Complaint, said case is still pending in St. Francois County Circuit Court; Defendant denies that the

21

Amended Information charges him with violating RSMo 217.045. The remainder of the allegations in ¶95 contain only conclusions of law and, therefore, Defendant Hays makes no response to the same. To the extent a response is required, Defendant Hays denies the same.

96. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶96 of the Amended Complaint and, therefore, he denies the same.

97. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶97 of the Amended Complaint and, therefore, he denies the same.

98. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶98 of the Amended Complaint and, therefore, he denies the same.

99. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶99 of the Amended Complaint and, therefore, he denies the same.

100. Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶100 of the Amended Complaint and, therefore, he denies the same.

101.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶101 of the Amended Complaint and, therefore, he denies the same.

102.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶102 of the Amended Complaint and, therefore, he denies the same.

103.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶103 of the Amended Complaint and, therefore, he denies the same.

104.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶104 of the Amended Complaint and, therefore, he denies the same.

105.  The allegations in ¶105 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same.

106.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶106 of the Amended Complaint and, therefore, he denies the same.

107.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶107 of the Amended Complaint and, therefore, he denies the same.

108.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶108 of the Amended Complaint and, therefore, he denies the same.

109.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶109 of the Amended Complaint and, therefore, he denies the same.

110.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶110 of the Amended Complaint and, therefore, he denies the same.

111.  The allegations in ¶111 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same.

112.  The allegations in ¶112 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same.

## CAUSES OF ACTION

### COUNT I

CRUEL AND UNUSUAL PUNISHMENT – 42 U.S.C. § 1983

(EXCESSIVE FORCE – AGAINST HAYS)

113.  Defendant Hays incorporates by reference his Answers to ¶¶ 1 to and including 112 of Plaintiff's Amended Complaint as if fully set forth herein.

114. The allegations in ¶114 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same. To the extent a response is required, Defendant Hays denies the same.

115.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶115 of the Amended Complaint and, therefore, he denies the same.

116.  Defendant Hays denies the allegations in ¶116 of the Amended Complaint.

117.  The allegations in ¶117 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same. To the extent a response is required, Defendant Hays denies the same.

118.  The allegations in ¶118 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same. To the extent a response is required, Defendant Hays denies the same.

119.  The allegations in ¶119 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same. To the extent a response is required, Defendant Hays denies the same.

25

## COUNT II

CRUEL AND UNUSUAL PUNISHMENT – 42 U.S.C. § 1983
(FAILURE TO INTERVENE – AGAINST DEFENDANTS MAYES AND
BENNETT)

120.   Defendant Hays incorporates by reference his Answers to ¶¶ 1 to and including 119 of Plaintiff's Amended Complaint as if fully set forth herein.

121.   The allegations in ¶121 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same.

122.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶122 of the Amended Complaint and, therefore, he denies the same.

123.   Defendant Hays denies the allegations in ¶123 of the Amended Complaint.

124.   Defendant Hays denies subjecting Plaintiff to excessive force and denies having a plan to "attack" or use excessive force on Plaintiff; Defendant Hays is without sufficient knowledge or information to admit or deny the other allegations in ¶124 of the Amended Complaint and, therefore, he denies the same.

125.   Defendant Hays makes no response to the allegations in ¶125 of the Amended Complaint as it does not appear directed to him.  To the extent

26

a response is required, Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶125 of the Amended Complaint and, therefore, he denies the same.

126.   The allegations in ¶126 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same.

127.   The allegations in ¶127 of the Amended Complaint contain only conclusions of law and, therefore, Defendant Hays makes no response to the same.  To the extent a response is required, Defendant Hays denies the same.

## COUNT III

### FIRST AMENDMENT RETALIATION – 42 U.S.C. § 1983
### (AGAINST DEFENDANTS MAYES)

128.   Defendant Hays incorporates by reference his Answers to ¶¶ 1 to and including 127 of Plaintiff's Amended Complaint as if fully set forth herein.

129.   Defendant Hays makes no response to the allegations in ¶129 of the Amended Complaint as it does not appear directed to him.  To the extent a response is required, Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶129 of the Amended Complaint and, therefore, he denies the same.

130.  Defendant Hays makes no response to the allegations in ¶130 of the Amended Complaint as it does not appear directed to him.  To the extent a response is required, Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶130 of the Amended Complaint and, therefore, he denies the same.

131.  Defendant Hays makes no response to the allegations in ¶131 of the Amended Complaint as it does not appear directed to him.  To the extent a response is required, Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶131 of the Amended Complaint and, therefore, he denies the same.

132.  Defendant Hays makes no response to the allegations in ¶132 of the Amended Complaint as it does not appear directed to him.  To the extent a response is required, Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶132 of the Amended Complaint and, therefore, he denies the same.

133.  Defendant Hays makes no response to the allegations in ¶133 of the Amended Complaint as it does not appear directed to him.  To the extent a response is required, Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶133 of the Amended Complaint and, therefore, he denies the same.

## COUNT IV

*ASSAULT – MISSOURI STATE LAW*
*(AGAINST DEFENDANT HAYS)*

134.  Defendant Hays incorporates by reference his Answers to ¶¶ 1 to and including 133 of Plaintiff's Amended Complaint as if fully set forth herein.

135. Defendant Hays admits only that he intended to lawfully apply "two distraction techniques" to Plaintiff's chin with a closed fist in a good faith effort to maintain or restore discipline and not maliciously or sadistically for causing harm to Plaintiff.  Answering in the alternative, as permitted by Rule 8 of the Federal Rules of Civil Procedure and by Rule 55.10 of the Missouri Rules of Civil Procedure, Defendant Hays admits only that he intended to lawfully apply "two distraction techniques" to Plaintiff's chin with a closed fist because Defendant Hays had reasonable grounds to believe that he, or other prison staff, were in immediate danger of having seriously bodily injury inflicted upon them by Plaintiff and Defendant Hays used no more force than was reasonably necessary to prevent the same.   Defendant Hays denies all other allegations in ¶135 of the Amended Complaint not admitted.

136.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶136 of the Amended Complaint and, therefore, he denies the same.

137.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶137 of the Amended Complaint and, therefore, he denies the same.

138.   Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶138 of the Amended Complaint and, therefore, he denies the same.

## COUNT V

*BATTERY – MISSOURI STATE LAW*
*(AGAINST DEFENDANT HAYS)*

139.   Defendant Hays incorporates by reference his Answers to ¶¶ 1 to and including 138 of Plaintiff's Amended Complaint as if fully set forth herein.

140.    Defendant Hays admits only that he lawfully applied "two distraction techniques" to Plaintiff's chin with a closed fist in a good faith effort to maintain or restore discipline and not maliciously or sadistically for causing harm to Plaintiff.   Answering in the alternative, as permitted by Rule 8 of the Federal Rules of Civil Procedure and by Rule 55.10 of the Missouri Rules of Civil Procedure, Defendant Hays admits only that he

lawfully applied "two distraction techniques" to Plaintiff's chin with a closed fist because Defendant Hays had reasonable grounds to believe that he, or other prison staff, were in immediate danger of having seriously bodily injury inflicted upon them by Plaintiff and Defendant Hays used no more force than was reasonably necessary to prevent the same.   Defendant Hays denies all other allegations in ¶140 of the Amended Complaint not admitted.

141.   Defendant Hays admits only that he lawfully applied "two distraction techniques" to Plaintiff's chin with a closed fist in a good faith effort to maintain or restore discipline and not maliciously or sadistically for causing harm to Plaintiff.  Answering in the alternative, as permitted in Rule 8 of the Federal Rules of Civil Procedure and by Rule 55.10 of the Missouri Rules of Civil Procedure, Defendant Hays admits only that he lawfully applied "two distraction techniques" to Plaintiff's chin with a closed fist because Defendant Hays had reasonable grounds to believe that he, or other prison staff, were in immediate danger of having seriously bodily injury inflicted upon them by Plaintiff and Defendant Hays used no more force than was reasonably necessary to prevent the same.   Defendant Hays denies all other allegations in ¶141 of the Amended Complaint not admitted.

142.   Defendant Hays denies the allegations in ¶142 of the Amended Complaint.

143.  Defendant Hays is without sufficient knowledge or information to admit or deny the allegations in ¶143 of the Amended Complaint and, therefore, he denies the same.

## JURY DEMAND

Defendants demand a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed under Fed.R.Civ.P. 12(b)(6); and, further, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted on the state law claims pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure.

**Second Affirmative Defense:**

Defendant is protected from liability and suit by the doctrine of qualified immunity because any and all actions taken by him in regard to Plaintiff were done under the reasonable and good faith belief that said actions were constitutional.

**Third Affirmative Defense:**

Claims against Defendant in his official capacity are barred by the Eleventh Amendment.

**Fourth Affirmative Defense:**

To the extent that Plaintiff has sued Defendant in his official capacity, Defendant is not a "person" within the meaning of 42 U.S.C. § 1983.

**Fifth Affirmative Defense:**

Plaintiff's claim for punitive damages against Defendant is barred by the Constitution and statutes of the United States and the State of Missouri.  Furthermore, an award of punitive damages would be in violation of the Due Process Clause since such award bears no reasonable relationship to any harm alleged by Plaintiff as a result of Defendant's conduct.

**Sixth Affirmative Defense:**

Plaintiff has failed to exhaust administrative remedies and failed to pursue such remedies in the time period and manner required by the Missouri Department of Corrections' grievance procedure.

**Seventh Affirmative Defense:**

To the extent Plaintiff's claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983.

**Eighth Affirmative Defense:**

Defendant is protected from suit by the doctrine of qualified immunity.

**Ninth Affirmative Defense:**

Defendant is entitled to have his liability, if any, reduced by the amount of fault apportioned or attributed to Plaintiff's own negligence (i.e., Plaintiff's contributory negligence or comparative fault).

**Tenth Affirmative Defense:**

Plaintiff's recovery is barred or limited because Plaintiff's own negligence is the sole cause, proximate cause, or both his injuries.

**Eleventh Affirmative Defense:**

Plaintiff's recovery is barred or limited because Plaintiff failed to mitigate his damages.

**Twelfth Affirmative Defense:**

Any claims against Defendant in his individual capacity is barred by official immunity and the public duty doctrine because his actions were discretionary and performed pursuant to official duties owed the general public.

**Thirteenth Affirmative Defense:**

Defendant states that punitive damages are not available for actions alleged in Plaintiff's Amended Complaint under federal law, state law, or both of them.

**Fourteenth Affirmative Defense:**

Plaintiff's state law claims against Defendant for assault, battery, or both are barred because Defendant had reasonable grounds to believe that he, or other prison staff, were in immediate danger of having seriously bodily injury inflicted upon them by Plaintiff and Defendant Hays used no more force than was reasonably necessary to prevent the same.

**Fifteenth Affirmative Defense:**

Plaintiff's state law claims against Defendant for assault, battery, or both are barred because Defendant had a privilege to act in defense of himself or in defense of

others and Defendant Hays used no more force than was necessary to protect himself or the others.

**Sixteenth Affirmative Defense:**

In further defense, Defendant incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant specifically reserves the right to amend his answer to include affirmative defenses at the time they are discovered.

WHEREFORE, based on the foregoing, Defendant Hays requests this Court issue an order dismissing with prejudice Plaintiff's Amended Complaint, for costs and attorneys' fees, and for such other relief as the Court deems just and proper.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ John W. Taylor*
John W. Taylor, MO36894
Assistant Attorney General
Post Office Box 861
St. Louis, Missouri 63188
Tel: (314) 340-7861
Fax: (314) 340-7029
John.Taylor@ago.mo.gov
*Attorneys for Brett Hays*

35

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2019, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

*/s/* John W. Taylor
Assistant Attorney General
